UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                                Plaintiff,<br><br>v.<br><br>$40,200.00 IN UNITED STATES CURRENCY,<br><br>                                                Defendant.<br><hr>ERIK L. CHRISTENSEN,<br><br>                                                Claimant. | Case No. 3:14-CV-0229-LRH (VPC)<br><br>**ORDER** |

Before the court is a statement of fees and expenses submitted by counsel for the United States in this civil forfeiture action (#36). The claimant, Eric Christensen ("claimant") opposed (#41) and the United States responded (#42).[1] This order follows.

On February 27, 2015, this court held a compliance hearing to confirm that the claimant provided all outstanding discovery responses owed to the plaintiff (#34). At the beginning of the hearing, claimant was present in court, and his counsel, Bruce Lindsay, Esq., made an oral motion to withdraw as counsel. Having heard from the claimant and Mr. Lindsay, the court granted the motion, ordered that the claimant would appear in *pro se* or obtain new counsel to represent him. *Id.* A further discovery hearing was set for March 27, 2015, to allow the claimant time to retain new counsel and/or to resolve pending discovery disputes. *Id.*

---

[1] The United States filed Exhibit A in response to claimant's opposition to statement of fees, as it was inadvertently not attached to the government's response (#45).

The court granted the plaintiff's motion for attorney's fees in connection with its motion to compel discovery (#24), and the court directed plaintiff's counsel to file a statement of attorney's fees and costs, and he did so (#36). Plaintiff's counsel asked for $2,368.00 in attorney's fees for 12.8 hours of time at an hourly rate of $185.00. *Id.*

Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The lodestar amount is presumptively correct. *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). Second, and despite the presumption, the court may modify the lodestar amount. *Carter*, 757 F.3d at 869 (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir 1988) for the relevant factors, as first articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)). In this District, the *Kerr* factors are incorporated into Local Rule 54-16.

The court finds the hourly rate of $185.00 to be reasonable, and it is allowed. The court has reviewed the statement of legal services performed and concludes that it adequately describes the services associated with the fee request and that the legal services provided were proper under the circumstances. The *Kerr* factors incorporated into Local Rule 54-16 do not warrant a downward adjustment of the fees requested, which total $2,368.00.

Notwithstanding this conclusion, the court must consider the circumstances of this particular situation. At the February 27, 2015 hearing, the claimant told the court that irreconcilable conflicts had arisen between him and Mr. Lindsay, and the court granted Mr. Lindsay's oral motion to withdraw. In his opposition to the plaintiff's statement of attorney's fees, claimant elaborated and reported that Mr. Lindsay failed to communicate with him about outstanding discovery and improperly filed documents without the claimant's knowledge or consent (#41, p. 2). The claimant further stated that he was unable to communicate with Mr. Lindsay from December 18, 2014 through February 14, 2015. *Id.* Plaintiff's counsel expressed similar difficulties in attempts to communicate with Mr. Lindsay.

Based upon the foregoing, this court finds the sum of $2,368.00 to be reasonable attorney's fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. However, before the court orders payment of these attorney's fees to plaintiff, it shall issue a separate order to Bruce Lindsay, Esq. to show cause why he should not also be responsible for payment of some or all of this sanction. Thereafter, the court will issue a final order concerning how the payment of attorney's fees will be apportioned, if at all, between the claimant and Mr. Lindsay.

IT IS SO ORDERED.

Dated: May 5, 2015.

_____
UNITED STATES MAGISTRATE JUDGE