1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *

9    UNITED STATES OF AMERICA        )
                                     )
10                   Plaintiff,      )              3:14-cv-0229-LRH-VPC
                                     )
11   v.                              )
                                     )              <u>ORDER</u>
12   $40,200 in UNITED STATES CURRENCY, )
                                     )
13                   Defendant.      )
     _____)

14

15          Before the court is claimant Erik Lindsay Christensen's ("Christensen") motion to dismiss.

16   Doc. #33.[1] The United States filed an opposition (Doc. #35) to which Christensen replied

17   (Doc. #38).

18          Also before the court is Christensen's duplicate motion to dismiss. Doc. #37.[2]

19   **I.      Facts and Procedural Background**

20          This is a civil forfeiture action for money and property seized from claimant Christensen

21   during a traffic stop conducted by officers of the Washoe County Sheriff's Office. In response to

22   the notice of seizure, Christensen filed a claim for the property. *See* Doc. #13. Thereafter,

23   Christensen field the present motion to dismiss the action. Doc. #37.

24   _____

25          [1] Refers to the court's docket entry number.

26          [2] Christensen's second motion to dismiss (Doc. #37) is a duplicate of his initial motion to dismiss
     (Doc. #33) except that his second motion to dismiss is properly signed. *See* Doc. #37. As such, for purposes
     of this order, the court shall consider Doc. #37 the operative motion and shall deny Doc. #33 as moot.

**II.     Discussion**

In his motion, Christensen argues that the underlying civil forfeiture action should be dismissed because of a recent order issued by the United States Attorney General on January 16, 2015, prohibiting the seizure of property by federal authorities on property seized by state officials. *See* Doc. #33, Exhibit A. Specifically, the order provides that the United States Attorney's Office shall no longer seek to seize property seized by state and local law enforcement under state law unless that property "directly relates to public safety concerns, including firearms, ammunition, explosives, and property associated with child pornography." *Id*. Christensen contends that because the property seized during his stop is not property directly related to public safety, the United States has no authority to continue with this action. The court disagrees.

First, the court finds that by its own terms, the January 16 order by the Attorney General only "applies prospectively to all federal adoptions." *Id*. It has no retroactive effect and thus, it has no significance to the seizure of Christensen's property seized in November 2013. Second, by its express terms, the January 16 order does not apply to seizures conducted as part of a joint task force. *Id*. (stating that this order "does not apply to [] seizures by state and local authorities working together with federal authorities in a joint task force."). Here, as alleged in the forfeiture complaint, the property was seized by officers of the Washoe County Sheriff's Office working with the U.S. Drug Enforcement Administration as part of the Northern Nevada HIDTA Interdiction Task Force. Thus, even if the order had retroactive effect, the order has no applicability to the underlying seizure of claimant's property or this forfeiture action.

Finally, the court finds that the Attorney General "order" does not create any enforceable rights and, as such, has no legal effect on the present action. Instead, it sets forth a policy to be followed internally by the Department of Justice and the administration of the Department of Justice forfeiture program. Therefore, the court shall deny Christensen's motion to dismiss.

///

///

1    IT IS THEREFORE ORDERED that claimant's motion to dismiss (Doc. #37) is DENIED.

2    IT IS FURTHER ORDERED that claimant's motion to dismiss (Doc. #33) is DENIED as

3    moot.

4    IT IS SO ORDERED.

5    DATED this 21st day of May, 2015.

6    _____
     LARRY R. HICKS
7    UNITED STATES DISTRICT JUDGE