1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   UNITED STATES OF AMERICA,                    Case No. 3:14-CV-0229-LRH (VPC)

8                           Plaintiff,           **ORDER**

9        v.

10  $40,200.00 IN UNITED STATES CURRENCY,

11                          Defendant.

12  _____

13  ERIK L. CHRISTENSEN,

14                          Claimant.

15  _____

16      This case is an *in rem* forfeiture action of the defendant currency $40,200 seized by local

17  law enforcement in Washoe County, Nevada in November 2013 from the claimant Erik

18  Christensen ("claimant" or "Mr. Christensen").  On February 13, 2015, this court granted the

19  motion of the plaintiff United States of America (the "government") to compel, and the court

20  awarded attorney's fees and costs to the government for the preparation of that motion (#31).

21  However, the court deferred the filing of any statement of fees and costs until the discovery

22  dispute was resolved.  *Id.*

23      The discovery dispute was never resolved.  At the February 27, 2015 hearing, Bruce

24  Lindsay, Esq. ("Mr. Lindsay"), claimant's attorney, moved to withdraw as counsel for the

25  claimant, the court granted the motion, but claimant was given time to obtain new counsel and to

26  continue to meet and confer with the government to resolve the discovery dispute (#34).  Given

27  hearing on the posture of the case, the court ordered the government to file its statement of

28  attorney's fees and costs and to allow claimant the opportunity to respond.  *Id.*  The government

1   filed its statement through a declaration of counsel, which attested that the attorney's fees for

2   legal services in connection with the motion to compel totaled $2,368.00 (#36).   The claimant

3   filed a response in which he blamed his former counsel, Mr. Lindsay, for any failure to comply

4   with discovery obligations (#41).   This drew a response from the government in which it

5   contended that the claimant's dispute with Mr. Lindsay had no bearing on the attorney's fees,

6   that the attorney's fees were properly assessed, and that claimant presented no viable opposition

7   to the question whether $2,368.00 in attorney's fees was reasonable (#42).   The government is

8   correct, but because claimant's chief argument in opposition to the attorney's fee award focused

9   on Mr. Lindsay's allegedly improper conduct in representing the claimant, the court issued an

10  order to Mr. Lindsay to show cause why he should not be liable for payment of some or all of the

11  attorney's fees awarded to the government (#52).

12          Mr. Lindsay responded and generally asserted five reasons why neither he nor his former

13  client should be liable for the attorney's fees (#54).   First, Mr. Lindsay advised that apart from a

14  nominal initial fee, he represented the claimant *pro bono. Id.*, p. 1.   Whether Mr. Lindsay

15  represented the claimant for a substantial fee or *pro bono* has no bearing whatsoever on his

16  professional duties to his client or the court.   A lawyer cannot defend allegations of failing to

17  communicate with his or her client and opposing counsel based on the argument that a lawyer is

18  not being paid and "no deed goes unpunished." *Id.*   Second, Mr. Lindsay stated that because he

19  and his client disagreed about how to respond to the outstanding discovery, Mr. Lindsay delayed

20  responding to government counsel to "buy a little extra time" to provide the requested discovery.

21  *Id.*, p. 2.   This makes sense, and had the claimant adequately responded to the discovery requests

22  in due course, the entire matter would have been resolved.   However, that is not what happened.

23          Third, Mr. Lindsay could not find documents on file to support claimant's statement that

24  he was unable to communicate with Mr. Lindsay.   *Id.*, p. 2. The court invites Mr. Lindsay to

25  review the docket sheet, available on PACER, and more specifically, claimant's opposition to

26  Greg Addington re fees and expenses associated with discovery deficiencies and motion to

27  compel, filed on March 19, 2015 (#41).

28

1    Fourth, Mr. Lindsay asserted that in any case, "the matter had been fully litigated for the

2    past few months;" therefore, "why any sanctions should be imposed on me or my client is

3    beyond the pale." *Id.*, p. 3.  The fact is, the case was not fully litigated because the government

4    was never provided with discovery responses to standard discovery requests propounded in *in*

5    *rem* forfeiture cases.  Moreover, the time for arguing that imposition of sanctions is "beyond the

6    pale" was last December when Mr. Lindsay filed claimant's response to motion to compel (#27).

7    Mr. Lindsay did not address the fairness of sanctions at all; instead, he improperly filed

8    supplemental responses to the disputed discovery in lieu of any legal argument about the merits

9    of the motion.

10    Finally, Mr. Lindsay offered this:

11
>     I ask the Court to step back a moment, and consider the

12
>     circumstances that exist here:  My client makes a mechanical
>     device that trims marijuana plants.  While legal in the States, it is

13
>     expressly illegal to manufacture, grow, or possess marijuana under
>     Federal Law.  The requested discovery was for the names and

14
>     address of Erik Christensen's clients.  The growers of marijuana
>     (sic).  Of course my client was reluctant to give up those names and

15
>     addresses, fearing the government would take those names and

16
>     addresses and arrest the growers.

17    (#54, p. 2.).  Mr. Lindsay further noted, "[Mr. Christensen's] clients grow marijuana and he and

18    his business associates have invented a machine to aid in the harvest of the plants." *Id.*, p. 4.

19    These statements are the first to explain the claimant's dilemma in supplying responses to

20    the government's discovery requests.  However, neither this dilemma nor any legal analysis

21    about how this should excuse the failure to comply with discovery was ever raised.  In short, the

22    horse left the barn on February 13, 2015 when the court granted the government's motion to

23    compel (#31).

24    The court has taken the trouble to recount these events for a simple reason:  This court

25    very sparingly grants attorney's fees in discovery disputes, and this court went to some trouble to

26    schedule hearings to facilitate the resolution of this dispute.  Having no success, the court issued

27    the order to show, which drew claimant's response that Mr. Lindsay, not he, should be

28    responsible for the attorney's fees.  Based on that contention, the court felt it proper to give Mr.

1   Lindsay the opportunity to respond to the sole question of whether the $2,368.00 of the

2   government's attorney's fees should be paid by claimant, Mr. Lindsay, or both.

3           Having fully considered the claimant's and Mr. Lindsay's responses (#s 41 & 49), the

4   court orders that the claimant, Erik Christensen, shall pay the sum of $2,368.00 in attorney's fees

5   to the United States within thirty days of the date of this order.

6           **IT IS SO ORDERED.**

7           Dated:  June 22, 2015.

8

9   _____
    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28